Filed 10/24/24  P. v. Montez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONALD THOMAS MONTEZ,<br><br>    Defendant and Appellant. | C100237<br><br>(Super. Ct. No. 16FE003182) |

In February 2016, defendant Ronald Thomas Montez and the victim got into an argument, and defendant stabbed the victim to death.

In April 2018, defendant pled guilty to second degree murder and stipulated to a 15-year-to-life prison sentence.  The trial court sentenced him accordingly in May 2018.  The court imposed a $300 restitution fine, a corresponding $300 parole revocation fine (suspended unless parole is revoked), a $40 court operations fee, and a $30 criminal conviction assessment fee.  The court reserved the issue of victim restitution.

In November 2018, based on a memorandum from the probation department, the trial court ordered victim restitution of $596.23. (Pen. Code, § 1202.4, subd. (f).) The record does not indicate there was any hearing on the matter.

In January 2019, the probation department notified the trial court that the California Victim Compensation Board had adjusted its victim compensation amount to $5,962.33, which was the actual expense for funeral costs. Copies of the receipts for the costs were attached to the notice.

The trial court subsequently vacated its prior victim restitution award and instead ordered $5,962.33. The record does not indicate there was any hearing on the matter.

In August 2023, defendant filed a motion to dismiss the restitution order and fines, purportedly pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 92) (Assembly Bill 1869), which repealed multiple administrative fees and made unpaid portions of those costs unenforceable and uncollectible. None of the fees repealed under Assembly Bill 1869 were imposed here. Defendant further asked the court to dismiss any restitution fines and argued he was unable to pay any fines or fees.

The trial court vacated the victim restitution order, appointed counsel, and scheduled a restitution hearing. However, the court denied the remainder of defendant's motion, reasoning that defendant had not been ordered to pay any of the fees repealed under Assembly Bill 1869 or the subsequent Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 257) or Assembly Bill No. 199 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 57).

During the December 2023 hearing, the trial court explained defendant had not previously had the opportunity to be present at a victim restitution hearing to which he was entitled. (See Pen. Code, § 1202.4, subd. (f)(1) [giving a defendant the right to a hearing to dispute the determination of the amount of victim restitution].) The court then ordered $5,962.33 in victim restitution.

Defendant appeals the December 2023 order.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
MAURO, J.

3